CONRAD, Respondent, vs. HILDEBRAND and another, Appellants.

*September 22 — October 11, 1887.*

*Appeal: Refusal of instructions, when not error.*

Where, in an action for an injury to a horse by working him severely when sick with the distemper, the principal question was whether the aggravation of the disease was caused by the defendant's neglect and misuse, it was not error to refuse to give instructions predicated upon the theory that the misuse of the horse caused it to have the distemper.

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion.

*Chas. M. Bice*, for the appellants.

*Jared Thompson, Jr.*, for the respondent.

ORTON, J.  This action was brought in a justice's court for damages to a horse of the plaintiff caused by the defendants while he was in their care and keeping as bailees. The main facts are few.  About the 16th day of June, the plaintiff hired the defendants to pasture his horse of about four years old.  In the mean time, the horse escaped from the pasture of defendants with one of their own horses, and they hunted him up and reclaimed him.  In the mean time, also, the horse had a distemper, and while he was sick the defendants worked him with another horse, in a collar harness, drawing loads of earth or sand.  The horse had never been worked much, and never in a collar, and the heat was very intense.  When the horse was finally returned, about the 8th day of July, to the plaintiff, his neck had been scalded and was very much swollen, and his knees were bunched and enlarged, and he was very much reduced in flesh, and was still affected by the distemper, and was generally in a very poor condition.  When taken

to pasture he was sound, and in good health and condition, and was of the value of about $250.

The claim of the plaintiff was that his horse had been much injured by the defendants by their working him as they did, and by other bad treatment. The jury found that the value of the horse had been lessened by said bad treatment and use $125, and allowed the defendants on their counterclaim $25 for hunting and reclaiming the horse after he had so escaped. The printed case leaves out the most material and strongest evidence of the plaintiff, and defendant's counsel argues that there was no proof that the defendants had so injured and damaged the horse. We think by reading the bill of exceptions that there was evidence of such injury to warrant the jury in finding as they did. The appellants claim, also, that the court ought to have given the instructions asked by them. These consist of eight sections of very long instructions, some of them passing upon the effect of the evidence, and none of them very applicable to the case proved. These special requests appear in the printed case, while the very full instructions given by the court to the jury do not appear there. This might be a sufficient reason for this court to disregard this assignment of error. But we have taken the trouble to read the instructions found in the bill of exceptions, as well as the evidence, and we are satisfied that the instructions covered the whole case, and that they were very fair to the defendants. The jury found that the horse was taken sick while in the care of the defendants, and when he was so taken it was observable by them with proper care, and that it was not proper care for them to use the horse as they did while sick, and that such use and exercise aggravated the disease with which the horse was afflicted, and that he was damaged thereby, including expenses, $125. The learned counsel seems to have mistaken the evidence and finding by predicating instructions upon the theory that the misuse of the horse caused

him to have the distemper.   There was no such evidence or special verdict.   The main injury was the *aggravation* of the disease by neglect and misuse.   According to the evidence on behalf of the plaintiff, the horse was very badly used and injured, and the jury was justified in so finding, and the amount of such damage stated in the evidence.   We can find no possible error in the record, and the learned counsel of the appellants have failed to discover any.

*By the Court.*— The judgment of the county court is affirmed.